## ZIMMERMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1924.)

No. 4107.

**Habeas corpus ⬦⟶113(9)—Error in admission of documentary evidence not considered, where record does not contain evidence introduced.**

Error relied on for reversal of judgment, being admission of documentary evidence at hearing before United States commissioner in proceeding to extradite, cannot be considered, where record does not contain any of evidence introduced at trial before commissioner.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Petition in habeas corpus by George Zimmerman against the United States. From a judgment denying the writ, petitioner appeals. Affirmed.

George Zimmerman and Mack Meader, of Los Angeles, Cal., for appellant.

H. A. Massey, of Los Angeles, Cal., and Cormac & Bolles, of San Francisco, Cal., for the United States.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. The appeal in this case is from the judgment of the District Court, denying the writ of habeas corpus applied for by the appellant and dismissing his petition, and directing that he be "held pending receipt of papers for extradition from the Secretary of State," being in the meantime admitted to bail in the amount of $5,000; he being held under commitments issued by the United States commissioner in several cases growing out of crimes alleged to have been committed by him in the Dominion of Canada under the extradition law of this country, enacted in pursuance of its treaty with the British government. It will be enough to refer to the alleged crime specified in case No. 3704, where, according to the record, the commissioner of the court below found, after a trial of the case, that complaint had been made, under oath, under and in pursuance to the provisions of the treaty of extradition between the United States and Great Britain, and under and in pursuance of the statutes of the United States to give effect to the treaty, that in and about the month of December, 1922, at or near Vancouver, the appellant did willfully and unlawfully issue a certain check without sufficient funds to meet it, commonly known in Canada as theft, or obtaining property by false pretenses; that the appellant, by proceedings in accordance with the Canadian law, was duly informed against and charged in a court of general jurisdiction of the said Dominion having jurisdiction thereof with that crime, upon which charge warrant in due form was issued out of that court for the arrest of the said appellant, which remains in full force and effect; and that the said Zimmerman is a fugitive from justice from the said Dominion of Canada, and is now in the jurisdiction of this

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

country for the purpose of seeking an asylum; and, finding that the crime so alleged is one embraced by the treaty of extradition, the commissioner directed the arrest of the appellant for deportation to Canada.

The alleged error relied upon for a reversal of the judgment of the court below is the "admission of certain documentary evidence at the original hearing of the cause before the United States commissioner, which documentary evidence consisted of certain ex parte depositions, and which was the only evidence against appellant at said hearing, and which said depositions purported to be authorized under the provisions of the Act of August 3, 1882, chapter 378, 22 Stat. 215," section 5 of which provides that:

"In all cases where any depositions, warrants, or other papers or copies thereof shall be offered in evidence upon the hearing of any extradition case under title sixty-six of the Revised Statutes of the United States, such depositions, warrants, and other papers, or the copies thereof, shall be received and admitted as evidence on such hearing for all the purposes of such hearing if they shall be properly and legally authenticated so as to entitle them to be received for similar purposes by the tribunals of the foreign country from which the accused party shall have escaped, and the certificate of the principal diplomatic or consular officer of the United States resident in such foreign country shall be proof that any deposition, warrant or other paper or copies thereof, so offered, are authenticated in the manner required by this act." Comp. St. § 10116.

A complete answer to the contention of the appellant is that the record does not contain any of the evidence introduced at the trial before the commissioner.

The judgment is affirmed.